IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DAVID REENDERS BLUEBERRIES, <br> LLC d/b/a CROSSROADS <br> BLUEBERRY FARM, LLC <br> 16697 Johnson Street <br> Grand Haven, MI 49417 <br><br> Plaintiffs, <br><br> v. <br><br> THE FRUIT CLUB, INC. <br> 515 North Garfield Circle <br> Sioux Falls, SD 57104 <br><br> and <br><br> MATTHEW KLEINSASSER <br> 3804 South Kris Drive <br> Sioux Falls, SD 57103 <br><br> Defendants. | CIVIL CASE NO.: |

## COMPLAINT

Plaintiff David Reenders Blueberries, LLC d/b/a Crossroads Blueberry Farm, LLC ("Plaintiff") brings this civil action against The Fruit Club, Inc. and Matthew Kleinsasser individually and in his corporate capacity (collectively, "Defendants"), for damages and equitable relief and alleges as follows:

### I. JURISDICTION

1. Federal question jurisdiction is vested in this Court pursuant to the Perishable Agricultural Commodities Act, specifically 7 U.S.C. §499e(b)(2), §499e(c)(5)(i), and §499g(b). This Court is also vested with ancillary and/or pendent jurisdiction pursuant to 28 U.S.C. §1367(a) over Plaintiff's related state-based claims.

## II. VENUE

2. Venue is proper in this district pursuant to 7 U.S.C. §499g(b) in that Plaintiff obtained a reparation award from the U.S. Department of Agriculture and is seeking to enforce liability.

3. Venue is also proper in this district pursuant to 28 U.S.C. §1391 in that the sales transactions which are the subject of this action occurred within this district.

## III. PARTIES

4. Plaintiff is a Michigan Limited Liability Company with its principal place of business in Grand Haven, Michigan and is engaged in the business of selling wholesale quantities of fresh fruits nationwide. At all times relevant herein, Plaintiff held federal produce license number 20040190 from the U.S. Department of Agriculture/PACA Branch in good standing and active status.

5. Defendant The Fruit Club, Inc. ("Fruit Club") is a South Dakota Corporation with its principal place of business in Sioux Falls, South Dakota. Fruit Club was, at all times relevant herein, acting as a dealer and commission merchant of wholesale quantities of perishable agricultural commodities and as such is subject to the Perishable Agricultural Commodities Act of 1930, as amended, 7 U.S.C. §499a, *et seq.*, ("PACA"). At all times relevant herein, Fruit Club held federal produce license number 20150882 from the U.S. Department of Agriculture/PACA Branch.

6. Individual Defendant Matthew Kleinsasser ("Individual Defendant") is or was an owner, officer, director, and/or at least 10% shareholder of Fruit Club during the relevant time period, making him "responsibly connected" under PACA. The Individual Defendant is or was a person in control of, and responsible for the day to day operations of Fruit Club and the disposition of Fruit Club assets, including its PACA trust assets. Individual Defendant is charged with continuing statutory fiduciary duty to Plaintiff to ensure full payment promptly as mandated by PACA.

## IV. CLAIMS FOR RELIEF

## COUNT I

## DEFENDANT FRUIT CLUB

**(Failure to Maintain PACA Trust)**

7. Plaintiff incorporates each and every allegation set forth in the preceding paragraphs as if fully written herein.

8. At Fruit Club's request, Plaintiff sold, on credit and through interstate commerce, perishable agricultural commodities to Fruit Club, as set forth in the following table:

| Plaintiff | Dates of Transactions | Commodities | Total Amount Sold | Amount[1] Unpaid |
|---|---|---|---|---|
| Crossroads Blueberry Farm | July 21, 2017 through July 24, 2017 | Fresh Fruits | $67,500.00 | $67,500.00 |

9. Plaintiff duly delivered the perishable agricultural commodities to Fruit Club.

10. Fruit Club received and accepted the perishable agricultural commodities from Plaintiff.

11. Pursuant to the payment terms between the parties, Fruit Club is in default with respect to the principal amount of $67,500.00 outstanding to Plaintiff. *See* Statement of Account attached hereto and incorporated herein as Exhibit A.

12. Pursuant to the trust provisions of PACA, 7 U.S.C. § 499e(c)(2), and the Code of Federal Regulations promulgated thereunder, upon receipt of said commodities, a statutory trust arose in favor of the Plaintiff as to all commodities received, all inventories of food or other products derived from said commodities, and the proceeds from the sale of such commodities until <u>full payment</u> is made for said commodities by Fruit Club to Plaintiff.

---

[1] Plus accruing interest at the Michigan statutory rate of 7.00% per annum and attorney fees and costs.

13. Fruit Club has failed and refused to pay for the commodities it ordered, received, and accepted from Plaintiff, despite due demand.

14. On each of the outstanding invoices sent by Plaintiff to Fruit Club, Plaintiff, as a PACA licensee, placed the exact language statutorily prescribed by PACA to be placed on all invoices by the licensee to notify the buyer that a seller/suppler of perishable agricultural commodities is preserving its rights as a beneficiary to the statutory trust [7 U.S.C. §499e(c)(4)], plus interest.

15. Plaintiff is an unpaid creditor, supplier, and seller of perishable agricultural commodities as those are defined under PACA.

16. Upon information or belief, Fruit Club has dissipated and is continuing to dissipate the *corpus* of the statutory trust which arose in favor of Plaintiff and grew upon each delivery of perishable agricultural commodities.

17. The failure of Fruit Club to hold in trust for the benefit of Plaintiff such perishable agricultural commodities received by it from Plaintiff, and all inventories of food or other products derived from said commodities, and the proceeds from the sale of such commodities until full payment of the sums owing to Plaintiff for said commodities, constitutes violations of PACA and PACA Regulations and are unlawful, and, as a direct and proximate result Plaintiff has suffered damages.

### COUNT II

### ALL DEFENDANTS

**(Dissipation of Trust Assets)**

18. Plaintiff incorporates each and every allegation set forth in the preceding paragraphs as if fully rewritten herein.

19. Upon information and belief, proceeds obtained from the sale of the perishable agricultural commodities purchased on credit from Plaintiff that where needed to make full payment

promptly to trust beneficiaries by PACA, were improperly expended by Fruit Club and the Individual Defendant for other purposes.

20. On each of the outstanding invoices sent by Plaintiff to Fruit Club and the Individual Defendant, Plaintiff, as a PACA licensee, placed the exact language statutorily prescribed by PACA to be placed on all invoices by the licensee to notify the buyer(s) that the seller/supplier of perishable agricultural commodities is preserving its rights as a beneficiary to the statutory trust [7 U.S.C. §499e(c)(4)], plus interest.

21. Upon information and belief, Fruit Club and the Individual Defendant received funds subject to the trust arising under 7 U.S.C. §499e(c), which should have been used to pay Plaintiff's outstanding invoices, but where not.

22. As a direct result of the dissipation of the trust assets by Fruit Club and the Individual Defendant, Plaintiff has suffered damages.

## COUNT III

## DEFENDANT FRUIT CLUB

### (Failure to Account and Pay for Produce – 7 U.S.C. §499b (Unfair Conduct))

23. Plaintiff incorporates each and every allegation set forth in the preceding paragraphs as if fully rewritten herein.

24. Fruit Club has failed and refused, without reasonable cause, to account and make full payment promptly of $67,500.00 to Plaintiff, which sum is unpaid and overdue to Plaintiff for perishable agricultural commodities ordered, received, and accepted from Plaintiff.

25. The failure and refusal of Fruit Club to account and make said payments to Plaintiff for the commodity sales transactions is a violation of PACA [7 U.S.C. §499b] and PACA Regulations, constitutes Unfair Conduct, is unlawful, and, as a direct result, Plaintiff has suffered damages.

## COUNT IV

## ALL DEFENDANTS

**(Breach of Fiduciary Duty / Non-Dischargeability) (11 U.S.C. §523(a))**

26.     Plaintiff incorporates each and every allegation set forth in the preceding paragraphs as if fully rewritten herein.

27.     Upon information and belief, during July 2017, the Individual Defendant managed, controlled, and directed the credit purchase of perishable agricultural commodities from Plaintiff.

28.     Upon information and belief, Fruit Club and the Individual Defendant received, in the regular course of business, funds subject to the PACA statutory trust which should have been used for the payment of Plaintiff's outstanding invoices, but were not.

29.     Upon information and belief, Fruit Club and the Individual Defendant, in breach of their fiduciary obligations arising under PACA, directed the disbursement of trust funds for purposes other that making full and prompt payment to Plaintiff as required by PACA, 7 U.S.C. §499b(4), thereby heightening liability herein to the state of non-dischargeable pursuant to 11 U.S.C. §523(a).

30.     As a direct result of the foregoing, Fruit Club and the Individual Defendant have violated their fiduciary duties as trustees in failing and refusing to make the payments required to satisfy the priority trust interest of Plaintiff, and, as a direct result, Plaintiff has suffered damages.

## COUNT V

## DEFENDANT FRUIT CLUB

**(Breach of Contract for Unpaid Invoices / Action on Account)**

31.     Plaintiff incorporates each and every allegation set forth in the preceding paragraphs as if fully rewritten herein.

32.     In July 2017, Fruit Club contracted with Plaintiff to purchase fresh produce on credit.

6

33. Plaintiff faithfully performed all aspects of the contracts with Fruit Club receiving and accepting all the produce.

34. Plaintiff properly and timely invoiced each sales transaction, and pursuant to the payment terms between the parties, Fruit Club is in default to Plaintiff on all amounts unpaid and outstanding.

35. Fruit Club breached the contracts by failing and refusing to pay Plaintiff the principal sum of $67,500.00 despite due demand. As a direct result of non-payment, Plaintiff has suffered damages, including interest.

## COUNT VI

## DEFENDANT FRUIT CLUB

### (Enforcement of U.S.D.A. Reparation Award [7 U.S.C. §499g(b)]

36. Plaintiff incorporates each and every allegation set forth in the preceding paragraphs as if fully rewritten herein.

37. In July 2017, Plaintiff sold to Fruit Club $67,500.00 worth of produce on credit.

38. Fruit Club received and accepted the produce, but failed to pay for the produce, despite Plaintiff's repeated demands.

39. Pursuant to 7 U.S.C. §499f, Plaintiff filed an administrative reparation Complaint with the U.S. Department of Agriculture ("USDA") against Fruit Club.

40. On or about April 12, 2018, the Secretary of the USDA entered an order ("USDA Order") for a reparation award in favor of Plaintiff and against Fruit Club in the principal amount of $67,500.00 plus statutory interest from September 1, 2017, plus the $500.00 handling/filing fee Plaintiff paid to file its reparation complaint. (A copy of the USDA Order is attached hereto as Exhibit B, and incorporated herein.)

41.     Pursuant to the USDA Order, Fruit Club was required to pay the full award within 30 days, which it has failed and refused to do.

42.     Pursuant to PACA, 7 U.S.C. §499g(b), if the reparation award is not paid within the time specified in the USDA Order, Plaintiff is entitled to file the instant petition in this U.S. District Court to enforce the award, plus additional statutory interest, costs, and attorney fees.

43.     Also pursuant to PACA. 7 U.S.C. §499g(b), the findings and orders of the Secretary of Agriculture shall be prima facie evidence of its case against Fruit Club.

44.     Plaintiff seeks entry of an order from this U.S. District Court enforcing the USDA Order in the full principal amount of $67,500.00, plus accrued interest at 2.07% per annum, plus reimbursement of the USDA $500.00 filing fee, the costs of this lawsuit, and attorney fees, all of which are mandatory damages to be awarded pursuant to federal statute.

## COUNT VII

## ALL DEFENDANTS

**(Interest and Attorney Fees)**

45.     Plaintiff incorporates each and every allegation set forth in the preceding paragraphs as if fully rewritten herein.

46.     Pursuant to PACA, 7 U.S.C. §499e(c), and the Regulations promulgated thereunder, Fruit Club and the Individual Defendant were statutorily required to maintain a trust in favor of Plaintiff in order to make <u>full payment</u> to Plaintiff of said amount.

47.     As a result of the failure of Fruit Club and the Individual Defendant to maintain the trust and to make full payment promptly, Plaintiff has been required to pay attorney fees and costs in order to bring this action to compel payment of the trust *res*.

48. As a result of the failure of Fruit Club and the Individual Defendant to comply with their statutorily mandated duties to maintain the trust and make full payment promptly, Plaintiff has lost the use of said money.

49. Plaintiff will not receive full payment as required by PACA, 7 U.S.C. §499e(c), if Plaintiff must expend part of said payment on attorney fees, and litigation costs, and also suffer the lost interest on the outstanding amount owed, all because the violations by Fruit Club and the Individual Defendant of their statutory duties to maintain the trust and make full payment promptly.

**WHEREFORE**, Plaintiff David Reenders Blueberries, LLC d/b/a Crossroads Blueberry Farm, LLC, respectfully prays that this Court issue an Order:

a. granting non-dischargeable judgment in favor of David Reenders Blueberries, LLC d/b/a Crossroads Blueberry Farm, LLC and against Defendants, The Fruit Club, Inc. and Matthew Kleinsasser, jointly and severally, in the principal amount of $67,500.00, together with pre- and post-judgment interest at the Michigan statutory rate of 7.00% per annum and the costs of this action;

b. enforcing the USDA reparation order pursuant to 7 U.S.C. § 499g(b) and granting Plaintiff its full principal, accrued interest at the Michigan statutory rate, USDA handling fee and fees and costs, all of which are mandatory damages to be awarded.

c. declaring and directing all Defendants to establish and/or preserve the trust fund consisting of funds to pay Plaintiffs principal trust claim of $67,500.00 plus interest at the Michigan statutory rate plus attorney fees;

d. enjoining until the entry of the relief herein requested and compliance therewith, all Defendants and their agents, employees, and representatives from in any way, directly or indirectly, interfering, assigning, or otherwise disposing of the above-described trust fund, or any interest therein, in whole or in part, absolutely or as security;

  e.  declaring and directing all Defendants to assign, transfer, deliver, and turn over to Plaintiff as much of the above-described trust fund as is necessary to fully compensate Plaintiff for the damages it has suffered and continue to suffer; and

  f.  granting Plaintiff reasonable costs and expenses, including attorney fees in this action, and such other relief, whether in law or in equity, as this Court deems just and proper.

Dated: July 5, 2018          Respectfully submitted,

                  *s/ Eric M. Kyser*
                  ERIC M. KYSER
                    Admitted to W.D. Michigan
                  MARK A. AMENDOLA
                    Admitted to W.D. Michigan
                  MARTYN AND ASSOCIATES
                  820 W. Superior Avenue, Tenth Floor
                  Cleveland, Ohio 44113
                  Telephone: (216) 861-4700
                  Facsimile: (216) 861-4703
                  Email: ekyser@martynlawfirm.com
                       mamendola@martynlawfirm.com

                  Attorneys for Plaintiff: David Reenders Blueberries, LLC d/b/a Crossroads Blueberry Farm, LLC