## UNITED STATES DEPARTMENT OF AGRICULTURE

## BEFORE THE SECRETARY OF AGRICULTURE

| | |
|---|---|
| David Reenders Blueberries LLC,<br>d/b/a Crossroads Blueberry Farm LLC, | ) PACA Docket No. W-R-2018-74<br>)<br>) |
| Complainant | ) |
| v. | )<br>) |
| The Fruit Club, | )<br>) |
| Respondent | ) **Default Order** |

Complainant instituted this reparation proceeding under the Perishable Agricultural Commodities Act, 1930, as amended (7 U.S.C. §§ 499a-499s) (PACA); and the Rules of Practice under the PACA (7 C.F.R. §§ 47.1-47.49) (Rules of Practice), by filing a timely Complaint. Complainant seeks reparation against Respondent, in connection with a transaction or transactions involving a perishable agricultural commodity or perishable agricultural commodities in interstate or foreign commerce. A copy of the Complaint was served on Respondent, and Respondent failed to file a timely Answer. The issuance of an order without further procedure is appropriate pursuant to section 47.8(d) of the Rules of Practice (7 C.F.R. § 47.8(d)).

Complainant is a limited liability company, whose address is 16697 Johnson Street, Grand Haven, MI 49417.

Respondent is a corporation, whose address is 515 North Garfield Circle, Sioux Falls, SD 57103.

Respondent was licensed or was subject to license under the PACA at the time of the transaction or transactions involved in this proceeding. The facts alleged in the formal Complaint are hereby adopted as Findings of Fact of this Default Order. Based on these

Exhibit B

Findings of Fact, I conclude that Respondent violated section 2 of the PACA (7 U.S.C. § 499b).

Section 5(a) of the Act (7 U.S.C. § 499e(a)) requires that we award to the person or persons injured by a violation of section 2 of the Act (7 U.S.C. § 499b) "the full amount of damages...sustained in consequence of such violation." 7 U.S.C. § 499e(a). Such damages, where appropriate, include interest. *See Louisville & Nashville R.R. v. Sloss-Sheffield Steel & Iron Co.*, 269 U.S. 217, 239-40 (1925); *see also Rou v. Severt Sons Produce, Inc.*, 70 Agric. Dec. 489, 498 (2011); *Rogers Bros. Farms, Inc. v. Skyline Potato Co.*, 69 Agric. Dec. 1599, 1618 (2010).

The interest to be applied

> shall be determined in accordance with 28 U.S.C. § 1961, i.e., the interest rate shall be calculated...at a rate equal to the weekly average one-year constant maturity treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the Order.

*PGB Int'l, LLC v. Bayche Cos.*, 65 Agric. Dec. 669, 672-73 (2006); Notice of Change in Interest Rate Awarded in Reparation Proceedings Under the Perishable Agricultural Commodities Act, 71 Fed. Reg. 25133 (Apr. 28, 2006).

Complainant paid a $500.00 handling fee to file its Complaint. Pursuant to section 5(a) of the PACA (7 U.S.C. § 499e(a)), the party found to have violated section 2 of the PACA (7 U.S.C. § 499b) is liable for any handling fee paid by the injured party.

Accordingly, within 30 days from the date of this Order, Respondent shall pay to Complainant, as reparation, the amount set forth in the reparation award, which I find to be the amount of damages to which Complainant is entitled for Respondent's violation or violations of section 2 of the PACA (7 U.S.C. § 499b).

## Order

Within 30 days from the date of this Order, Respondent shall pay Complainant as reparation $$67,500.00, with interest thereon at the rate of __2.07__ % per annum from

Exhibit B1

September 1, 2017, until paid, plus the amount of $500.00.

Copies of this Default Order shall be served on the parties.

Done at Washington, D.C.

WILLIAM JENSON  Digitally signed by WILLIAM JENSON

April 12, 2018
William G. Jenson
Judicial Officer
Office of the Secretary

Exhibit B2